IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRADLEY NEILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER BRIGHT dba NORTHERN UTAH PROTECTION & SECURITY and WALTER BRIGHT, individually,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 1:24CV192 DAK-JCB<br><br>Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

    Plaintiff Bradley Neilson "(Plaintiff") has filed a Motion for Default Judgment after having properly obtained a Default Certificate.[1] The court denies the motion because it is not supported by evidence, it appears that some of the requested damages may be duplicative or subject to the Title VII cap on damages, and the legal theory for entering judgment against Walter Bright dba Northern Utah Protection and Security and Walter Bright, individually, is not clear. Plaintiff, however, may file a new motion, along with supporting evidence, to address these concerns.

    Plaintiff seeks $2,100,000 in damages against Walter Bright dba Northern Utah Protection and Security and Walter Bright, individually. He has asserted claims under Title VII (discrimination, hostile work environment, & retaliation), defamation, tortious interference with economic relations, and intentional infliction of emotional distress. Defendants were

---

[1] ECF No. 11.

1

served on November 26, 2024,[2] but they have failed to respond to the Complaint. Accordingly, Plaintiff filed a Motion for Entry of Default,[3] and the Clerk of Court entered a Default Certificate.[4]

However, "the entry of a default judgment is committed to the sound discretion of the district court,"[5] and there are steps the court must follow before granting default judgment. First, there is an affirmative duty to "assess . . . subject matter jurisdiction and personal jurisdiction before granting default judgment."[6] Next, the court must consider whether the plaintiff's well-pleaded allegations of fact, deemed admitted by the defendant's default,[7] provide a sufficient basis for the requested judgment.[8] In evaluating the sufficiency of the pleadings, "[t]he court may consider declarations and other exhibits . . . ."[9]

In this case, the court has determined that it has subject matter jurisdiction and personal jurisdiction, and it has also concluded that Plaintiffs' well-pleaded allegations of fact,

---

[2] ECF Nos. 8, 9; *see also* ECF No. 11.

[3] ECF No. 10.

[4] ECF No. 11.

[5] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

[6] *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties.").

[7] *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[8] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("There must be a sufficient basis in the pleadings for the judgment entered." (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

[9] *Major Bob Music v. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010)).

which are deemed admitted by Defendants' default, provide a sufficient basis for the requested judgment.

Although the threshold requirements for default judgment are satisfied, "[d]efault judgment . . . cannot be entered until the amount of damages has been ascertained."[10] And the court must not blindly approve requested damages, but rather, it must evaluate requests to ensure that any award is "supported by actual proof."[11] To that end, Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings" to facilitate its determination of the amount of damages warranted under the circumstances."[12] But the hearing requirement "can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it.[13]

Accordingly, the court directs Plaintiff to submit affidavits and other proper documentary evidence regarding his requested damages. In so doing, Plaintiff should consider three important principles:  First, Title VII contains a statutory cap on compensatory damages, depending on the size of the employer. For the largest employer, the statutory cap on

---

[10] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886-CW, 2018 WL 2018066, at *6–7 (D. Utah May 1, 2018) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)).

[11] *Id.* ("One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof.").

[12] Fed. R. Civ. P. 55(b)(2)(B).

[13] *Malluk v. Berkeley Highlands Prods., LLC*, No. 19-cv-01489-CMA, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020) ("[T]he hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."); *see also Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) ("To award damages [under Rule 55(b)(2)], it is not necessary for a court to hold a hearing; instead a court may rely upon affidavits and documentary evidence.").

compensatory damages is $300,000.[14] In the Complaint, there is no allegation regarding the size of the Defendant Northern Utah Protection and Security. Moreover, Mr. Bright, in his individual capacity, would not be subject to Title VII liability.

Second, a plaintiff is not entitled to a double recovery. If a plaintiff states more than one claim for relief based on the same injuries, the plaintiff is entitled only one recovery for the injuries.[15] In other words, if two claims "arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery."[16]

Finally, Plaintiff must explain against whom damages are sought and the legal basis for awarding damages against the particular defendant. If damages are awarded against both defendants, Plaintiff must also explain whether the requested damages should be awarded jointly and severally.

Thus, for each cause of action for which Plaintiff seeks damages, Plaintiff should calculate the damages he seeks and provide supporting evidence for the requested damages. He should avoid seeking duplicative damages and should carefully explain why the damages sought are not duplicative of any damages requested for any other cause of action. In addition,

---

[14] The Title VII statutory cap limits "the sum of the amount of compensatory damages awarded . . . for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" to $300,000 for a company the size of [the Defendant]. 42 U.S.C. § 1981a(a)(1), (b)(3)(D); *Tudor v. Se. Oklahoma State Univ.,* 13 F.4th 1019, 1045 (10th Cir. 2021).

[15] *Jensen v. West Jordan City*, 968 F.3d 1187, 1197 (10th Cir. 2020).

[16] *J.M. v. Hilldale Independent School Dist.,* No. 08–7104, 2010 WL 3516730, at *14 (10th Cir. Sept. 10, 2010) (unpublished opinion) (citation omitted); *Mason v. Oklahoma Tpk. Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997) (*overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) ("[D]ouble recovery is precluded when alternative theories seeking the same relief are pled and tried together.")).

he should clarify which damage requests are against William Bright dba Northern Utah Protection & Security and which are against William Bright individually. If damages are properly sought against both of them, he should clarify whether the judgment amount should be joint and several, providing legal authority for the request.

Accordingly, IT IS HEREBY ORDERED that Mr. Neilson's Motion for Default Judgment [ECF No. 11] is DENIED without prejudice to refiling a motion that addresses the issues identified in this Order.

DATED this 3rd day of February 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge