**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BRADLEY NEILSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALTER BRIGHT dba NORTHERN UTAH PROTECTION & SECURITY; and WALTER BRIGHT, individually,**<br><br>**Defendants.** | **ORDER**<br><br>**Case No. 1:24-cv-00192-DAK-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Walter Bright's ("Mr. Bright") motion to appoint counsel.[2] For the reasons stated below, the court denies the motion.[3]

Plaintiff Bradley Neilson ("Mr. Neilson") filed his complaint against Mr. Bright and Mr. Bright dba Northern Utah Protection & Security (collectively, "Defendants") on November 22, 2024.[4] After being served with a summons and the complaint,[5] Defendants failed to file a timely

[1] ECF No. 39.

[2] ECF No. 99.

[3] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil case, such as this one, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[4] ECF No. 1.

[5] ECF No. 8; ECF No. 9.

response to the complaint. Consequently, Mr. Neilson moved for entry of Defendants' default on December 18, 2024,[6] which the Clerk of Court entered on December 30, 2024.[7] Mr. Neilson subsequently moved for entry of default judgment against Defendants,[8] which the court granted on May 21, 2025.[9] The court then entered default judgment against Defendants.[10]

After Mr. Neilson obtained numerous writs of garnishment over the following year to attempt to collect the default judgment, he moved for an in-person supplemental proceedings hearing on April 15, 2026.[11] On May 21, 2026, the court issued an order scheduling the in-person supplemental proceedings hearing for June 29, 2026, at 2:00 p.m.[12] The court required Mr. Neilson to personally serve Defendants with the order.[13] Mr. Neilson filed an affidavit of service on May 27, 2026, which demonstrated that Defendants were personally served with the order on the same date.[14]

On June 26, 2026—30 days after Defendants were served with the order and on the Friday prior to the hearing scheduled for the following Monday—Mr. Bright moved for a 30-day continuance of the hearing.[15] Mr. Bright contended that he needed the continuance to provide

---

[6] ECF No. 10.

[7] ECF No. 11.

[8] ECF No. 19.

[9] ECF No. 21.

[10] ECF No. 23.

[11] ECF No. 75.

[12] ECF No. 80.

[13] *Id.*

[14] ECF No. 82.

[15] ECF No. 86.

him with time to obtain counsel to represent him at the hearing. The court denied Mr. Bright's motion because he made no attempt to explain his efforts to obtain counsel in the 30 days after he was served with the order scheduling the hearing and, thus, could not show good cause under Fed. R. Civ. P. 6(b)(1)(A).[16]

The court convened the supplemental proceedings hearing on June 29, 2026, but Mr. Bright did not appear.[17] Consequently, the court issued a bench warrant for Mr. Bright's arrest.[18] Mr. Bright was arrested on September 3, 2026.[19] The following day, the court held a status conference, at which the court: (1) ordered Mr. Bright to provide to Mr. Neilson answers to the discovery requests contained in the court's order scheduling the supplemental proceedings hearing on or before September 18, 2026; (2) rescheduled the supplemental proceedings hearing for September 18, 2026, at 1:00 p.m.; (3) ordered Mr. Bright to file any motion to appoint counsel on or before September 9, 2026; and (4) released Mr. Bright from custody.[20] On September 10, 2026—a day after the deadline set by the court—Mr. Bright moved to appoint counsel.[21]

The court denies Mr. Bright's motion. "There is no constitutional right to appointed counsel in a civil case."[22] However, "[t]he court may request an attorney to represent any person

---

[16] ECF No. 88.

[17] ECF No. 89.

[18] ECF No. 90.

[19] ECF No. 96.

[20] ECF No. 92.

[21] ECF No. 99.

[22] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

unable to afford counsel."[23] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[24] "The appointment of counsel in a civil case is left to the sound discretion of the district court."[25]

Although Mr. Bright asserts various reasons why appointed counsel would be helpful to him, he has not demonstrated that he is unable to afford counsel. For that reason alone, his motion to appoint counsel fails. Additionally, the relevant factors do not justify appointing counsel. First, Mr. Bright has forfeited any meritorious defenses he may have had by failing to participate in this case in any meaningful way and having default judgment entered against him. Second, the nature of the factual issues raised in the post-judgment proceedings are not particularly complicated. Indeed, Mr. Bright need only answer Mr. Neilson's discovery requests and appear for the supplemental proceedings hearing to answer questions about his assets. Third, Mr. Bright fails to demonstrate that he cannot navigate the post-judgment proceedings adequately. Finally, the legal issues in the post-judgment proceedings are not so complex as to require the appointment of counsel. For those reasons, the court DENIES Mr. Bright's motion to appoint counsel.[26]

---

[23] 28 U.S.C. § 1915(e)(1).

[24] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation modified).

[25] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[26] ECF No. 99.

IT IS SO ORDERED.

DATED this 14th day of September 2026.

BY THE COURT:



JARED C. BENNETT
United States Magistrate Judge