**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BRADLEY NEILSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALTER BRIGHT dba NORTHERN UTAH PROTECTION & SECURITY; and WALTER BRIGHT, individually,**<br><br>**Defendants.** | **ORDER**<br><br>**Case No. 1:24-cv-00192-DAK-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Walter Bright's ("Mr. Bright") motion for a 30-day stay of a September 18, 2026 supplemental proceedings hearing and for a 30-day extension of the September 18, 2026 deadline to respond to Plaintiff Bradley Neilson's ("Mr. Neilson") post-judgment discovery requests.[2] For the reasons stated below, the court denies the motion.

Mr. Neilson filed his complaint against Mr. Bright and Mr. Bright dba Northern Utah Protection & Security (collectively, "Defendants") on November 22, 2024.[3] After being served with a summons and the complaint,[4] Defendants failed to file a timely response to the complaint.

---

[1] ECF No. 39.

[2] ECF No. 100.

[3] ECF No. 1.

[4] ECF No. 8; ECF No. 9.

Consequently, Mr. Neilson moved for entry of Defendants' default on December 18, 2024,[5] which the Clerk of Court entered on December 30, 2024.[6] Mr. Neilson subsequently moved for entry of default judgment against Defendants,[7] which the court granted on May 21, 2025.[8] The court then entered default judgment against Defendants.[9]

After Mr. Neilson obtained numerous writs of garnishment over the following year to attempt to collect the default judgment, he moved for an in-person supplemental proceedings hearing on April 15, 2026.[10] On May 21, 2026, the court issued an order scheduling the in-person supplemental proceedings hearing for June 29, 2026, at 2:00 p.m.[11] The court required Mr. Neilson to personally serve Defendants with the order.[12] Mr. Neilson filed an affidavit of service on May 27, 2026, which demonstrated that Defendants were personally served with the order on the same date.[13]

On June 26, 2026—30 days after Defendants were served with the order and on the Friday prior to the hearing scheduled for the following Monday—Mr. Bright moved for a 30-day continuance of the hearing.[14] Mr. Bright contended that he needed the continuance to provide

---

[5] ECF No. 10.

[6] ECF No. 11.

[7] ECF No. 19.

[8] ECF No. 21.

[9] ECF No. 23.

[10] ECF No. 75.

[11] ECF No. 80.

[12] *Id.*

[13] ECF No. 82.

[14] ECF No. 86.

him with time to obtain counsel to represent him at the hearing. The court denied Mr. Bright's motion because he made no attempt to explain his efforts to obtain counsel in the thirty days after he was served with the order scheduling the hearing and, thus, could not show good cause under Fed. R. Civ. P. 6(b)(1)(A).[15]

The court convened the supplemental proceedings hearing on June 29, 2026, but Mr. Bright did not appear.[16] Consequently, the court issued a bench warrant for Mr. Bright's arrest.[17] Mr. Bright was arrested on September 3, 2026.[18] The following day, the court held a status conference, at which the court: (1) ordered Mr. Bright to provide to Mr. Neilson answers to the discovery requests contained in the court's order scheduling the supplemental proceedings hearing on or before September 18, 2026; (2) rescheduled the supplemental proceedings hearing for September 18, 2026, at 1:00 p.m.; (3) ordered Mr. Bright to file any motion to appoint counsel on or before September 9, 2026; and (4) released Mr. Bright from custody.[19]

On September 14, 2026, 10 days after the status conference, Mr. Bright moved for a 30-day stay of the supplemental proceedings hearing and for a 30-day extension of the deadline to respond to Mr. Neilson's post-judgment discovery requests.[20] Mr. Bright indicates that he has searched his records, email accounts, and mail and has been unable to locate the post-judgment

---

[15] ECF No. 88.

[16] ECF No. 89.

[17] ECF No. 90.

[18] ECF No. 96.

[19] ECF No. 92.

[20] ECF No. 100.

discovery requests or any proof of service of them.[21] Mr. Bright further indicates that he requested the post-judgment discovery requests from Mr. Neilson's counsel on September 11, 2026—a full week after the status conference—but received an automated response indicating that Mr. Neilson's counsel was out of the office until September 15, 2026.[22] Mr. Bright contends that even if he receives the post-judgment discovery requests on that date, he will not have sufficient time to meaningfully respond to them prior to the September 18, 2026 supplemental proceedings hearing.[23]

Because Mr. Bright filed his motion prior to the September 18, 2026 hearing and deadline, his motion is governed by Fed. R. Civ. P. 6(b)(1)(A), which provides that "the court may, for good cause," extend a deadline if "a request is made. . . before the original time or its extension expires." Good cause can be shown when "the need for an extension is . . . occasioned by something that is not within the control of the movant."[24] The good-cause standard "requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[25]

Under that standard, the court must deny Mr. Bright's motion because he fails to show that he was diligent in his efforts to comply with the court's order prior to filing his motion. Although the court acknowledges Mr. Bright's efforts to search for the post-judgment discovery requests, those efforts were entirely unnecessary because those requests are contained in the

---

[21] *Id*. at 1-2.

[22] *Id*. at 2.

[23] *Id*.

[24] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[25] *Id*. at 701 (citation modified).

court's order scheduling the supplemental proceedings.[26] Further, as noted above, Mr. Bright was personally served with that order over three months ago.[27] Had Mr. Bright truly been diligent, he would have obtained the post-judgment discovery requests immediately after the status conference by accessing the case docket. In sum, the predicament in which Mr. Bright finds himself is a result of his lack of diligence. Therefore, the court HEREBY ORDERS:

1. Defendants' motion for a 30-day stay of the September 18, 2026 supplemental proceedings hearing and for a 30-day extension of the September 18, 2026 deadline to respond to Mr. Neilson's post-judgment discovery requests[28] is DENIED.

2. The in-person supplemental proceedings hearing will go forward as scheduled on September 18, 2026, at 1:00 p.m. in Courtroom 8.400.

IT IS SO ORDERED.

DATED this 14th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[26] ECF No. 80.

[27] ECF No. 82.

[28] ECF No. 100.