**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BRADLEY NEILSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALTER BRIGHT dba NORTHERN UTAH PROTECTION & SECURITY; and WALTER BRIGHT, individually,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:24-cv-00192-DAK-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

Plaintiff Bradley Neilson ("Mr. Neilson") filed his complaint against Defendant Walter Bright ("Mr. Bright") and Mr. Bright dba Northern Utah Protection & Security (collectively, "Defendants") on November 22, 2024.[2] After being served with a summons and the complaint,[3] Defendants failed to file a timely response to the complaint. Consequently, Mr. Neilson moved for entry of Defendants' default on December 18, 2024,[4] which the Clerk of Court entered on December 30, 2024.[5] Mr. Neilson subsequently moved for entry of default judgment against

[1] District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 39.

[2] ECF No. 1.

[3] ECF No. 8; ECF No. 9.

[4] ECF No. 10.

[5] ECF No. 11.

Defendants,[6] which the court granted on May 21, 2025.[7] The court then entered default judgment against Defendants.[8]

After Mr. Neilson obtained numerous writs of garnishment over the following year to attempt to collect the default judgment, he moved for an in-person supplemental proceedings hearing on April 15, 2026.[9] On May 21, 2026, the court issued an order scheduling the in-person supplemental proceedings hearing for June 29, 2026, at 2:00 p.m.[10] The court required Mr. Neilson to personally serve Defendants with the order.[11] Mr. Neilson filed an affidavit of service on May 27, 2026, which demonstrated that Defendants were personally served with the order on the same date.[12]

On June 26, 2026—30 days after Defendants were served with the order and on the Friday prior to the hearing scheduled for the following Monday—Mr. Bright moved for a 30-day continuance of the hearing.[13] Mr. Bright contended that he needed the continuance to provide him with time to obtain counsel to represent him at the hearing. The court denied Mr. Bright's motion because he made no attempt to explain his efforts to obtain counsel in the thirty days after

---

[6] ECF No. 19.

[7] ECF No. 21.

[8] ECF No. 23.

[9] ECF No. 75.

[10] ECF No. 80.

[11] *Id.*

[12] ECF No. 82.

[13] ECF No. 86.

he was served with the order scheduling the hearing and, thus, could not show good cause under Fed. R. Civ. P. 6(b)(1)(A).[14]

The court convened the supplemental proceedings hearing on June 29, 2026, but Mr. Bright did not appear.[15] Consequently, the court issued a bench warrant for Mr. Bright's arrest.[16] Mr. Bright was arrested on September 3, 2026.[17] The following day, the court held a status conference, at which the court: (1) ordered Mr. Bright to provide to Mr. Neilson answers to the discovery requests contained in the court's order scheduling the supplemental proceedings hearing on or before September 18, 2026; (2) rescheduled the supplemental proceedings hearing for September 18, 2026, at 1:00 p.m.; (3) ordered Mr. Bright to file any motion to appoint counsel on or before September 9, 2026; and (4) released Mr. Bright from custody.[18]

On September 10, 2026—a day after the deadline set by the court—Mr. Bright moved to appoint counsel.[19] Four days later—10 days after the status conference—Mr. Bright moved for a 30-day stay of the supplemental proceedings hearing and for a 30-day extension of the deadline to respond to Mr. Neilson's post-judgment discovery requests.[20] Mr. Bright indicated that he had searched his records, email accounts, and mail and was unable to locate the post-judgment

[14] ECF No. 88.

[15] ECF No. 89.

[16] ECF No. 90.

[17] ECF No. 96.

[18] ECF No. 92.

[19] ECF No. 99.

[20] ECF No. 100.

discovery requests or any proof of service of them.[21] Mr. Bright further indicated that he requested the post-judgment discovery requests from Mr. Neilson's counsel on September 11, 2026—a full week after the status conference—but received an automated response indicating that Mr. Neilson's counsel was out of the office until September 15, 2026.[22] Mr. Bright contended that even if he received the post-judgment discovery requests on that date, he would not have sufficient time to meaningfully respond to them prior to the September 18, 2026 supplemental proceedings hearing.[23]

The court denied both motions on September 14, 2026.[24] The court denied Mr. Bright's motion to appoint counsel because he failed to show that he is unable to afford counsel or that appointed counsel is necessary.[25] The court denied Mr. Bright's motion to stay and for an extension of time based upon his failure to establish good cause under Fed. R. Civ. P. 6(b)(1)(A) because he failed to demonstrate that he was diligent in his efforts to comply with the court's order setting the supplemental proceedings hearing and deadline for responding to Mr. Neilson's post-judgment discovery requests.[26] The court noted that Mr. Bright was personally served with the order containing Mr. Neilson's post-judgment discovery requests over three months ago[27]

---

[21] *Id*. at 1-2.

[22] *Id*. at 2.

[23] *Id*.

[24] ECF No. 103; ECF No. 104.

[25] ECF No. 103.

[26] ECF No. 104.

[27] *Id*. at 5; *see also* ECF No. 82 (demonstrating that Mr. Bright was served with the court order containing Mr. Neilson's post-judgment discovery requests on May 27, 2026).

and that Mr. Bright could have accessed that order at any time after the status conference by accessing the case docket.[28]

After the court's orders were issued, Mr. Bright filed replies in support of his motions.[29] The following day, Mr. Bright moved the court to reconsider the orders denying his motions.[30] Mr. Bright asks the court to reconsider its orders based upon "additional facts and arguments presented in the replies."[31] Specifically, Mr. Bright contends that the replies show that Mr. Neilson's counsel did not send Mr. Bright the court order containing the post-judgment discovery requests until September 14, 2026, and that Mr. Neilson's counsel has not provided to Mr. Bright proof of service of the order.[32] Mr. Bright also reiterates the arguments that he needs a stay of the supplemental proceedings hearing and an extension of time to respond to the post-judgment discovery requests because he needs additional time to obtain counsel and provide meaningful responses to the requests.[33]

Mr. Neilson opposed Mr. Bright's motion.[34] Attached to Mr. Neilson's opposition is a declaration of his counsel, which includes exhibits showing that on September 14, 2026, his counsel emailed to Mr. Bright both the court order containing the post-judgment discovery

---

[28] ECF No. 104 at 5.

[29] ECF No. 105; ECF No. 106.

[30] ECF No. 107.

[31] *Id*. at 1.

[32] *Id*. at 2.

[33] *Id*.

[34] ECF No. 108.

requests and the affidavit of service showing that Mr. Bright was personally served with the order on May 27, 2026.[35]

## ANALYSIS

The court denies Mr. Bright's motion to reconsider. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."[36] "[T]he court has broad discretion in how it considers a motion for reconsideration of an interlocutory order."[37]

> "In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether."[38]

Mr. Bright provides no basis for the court to reconsider its prior orders. Despite Mr. Bright's contention that his replies contain new facts and arguments, those replies merely reiterate facts and arguments included in his motions. Further, Mr. Bright's motion to reconsider demonstrates nothing more than his disagreement with the court's decisions. Those are insufficient bases for reconsideration.[39] Therefore, the court denies Mr. Bright's motion to reconsider.

---

[35] ECF No. 108-1.

[36] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

[37] *Sunwest Bank v. Gannett Co, Inc.*, No. 2:24-CV-00876-DBB-JCB, 2026 WL 1243328, at *2 (D. Utah May 6, 2026).

[38] *Id.* (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015)).

[39] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (providing that a motion to reconsider is an "inappropriate vehicle[]" "to revisit issues already addressed");

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Bright's motion to reconsider[40] is DENIED.

2. The in-person supplemental proceedings hearing will go forward as scheduled on September 18, 2026, at 1:00 p.m. in Courtroom 8.400.

IT IS SO ORDERED.

DATED this 17th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

*Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation modified)); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

[40] ECF No. 107.